YOUNG, J.
(dissenting). This is really a very simple case. Defendant shared a home with his 10-year-old stepson. In that home, defendant used heroin and stored it on a plate under his bed; he also kept loaded firearms in an unlocked bedroom dresser. These acts precipitated a raid by the police and the arrest of defendant while the child was present.
Only a lawyer could come to the conclusion that defendant’s conduct does not constitute “criminality” that, in theory, allows the family division of the circuit court to take jurisdiction over defendant’s stepchild. And here we need not even engage in theoretical or fanciful speculation because the trial court did, in fact, recommend to the Department of Human Services that the court exercise jurisdiction over the child. Yet four justices of this Court have held that keeping heroin and illegal, loaded handguns in easily accessible locations in a home occupied by a 10-year-old boy were insufficient predicates for a jury to find defendant guilty of the misdemeanor of contributing to the delinquency or neglect of a minor.
*781 I concur in Justice CORRIGAN’s analysis that the evidence in this case is sufficient to sustain defendant’s conviction. In particular, I fully support Justice CORRIGAN’s straightforward analysis regarding the use of “tend” in the statute: the phrase “tend to cause” is clearly directional and it certainly does not require “but for” causation as the majority opinion holds. I simply cannot subscribe to the majority’s herculean effort to create a heightened standard of causation out of a common and well understood term — “tend.” The majority notes that the use of “tend” in MCL 750.145 was designed to “lowerU the threshold of proof required,”[1] yet the majority inexplicably raises the level of causation far beyond what a plain and ordinary understanding of the statute’s terms require. I do not believe that the majority’s justification for imposing a heightened quantum of proof for a statute that requires the opposite is in keeping with a fidelity to the language contained in the statute.[2]
The majority concludes that it would be “unreasonable” and “potentially absurd”[3] for the Legislature to have created criminal liability on these facts. I do not believe that the legislative protection of children in homes where heroin is used and where loaded guns are easily accessible is either unreasonable or absurd. Simply put, the open use of heroin or being a felon illegally in possession of a firearm is the type of “criminality” contemplated by the statute, which criminality “tend[s] *782 to cause” a child in its presence to become neglected or delinquent. Accordingly, I dissent.
Corrigan, J., concurred with Young, J.
DAVIS, J.,
did not participate in the decision of this case in order to avoid unnecessary delay to the parties in a case considered by the Court before he assumed office by following the practice of previous justices in transition and participating only in those cases for which his vote would be result-determinative. His non-participation in this decision does not affect his eligibility to participate in deciding a motion for rehearing.

 Ante at 737 (emphasis added).

 The causation language of MCL 750.145 provides: “Any person who shall by any act, or by any word, encourage, contribute toward, cause or tend to cause . ...” It is hard to imagine how the Legislature could have chosen more expansive language of general application to capture conduct injurious to children.

 Ante at 740.